# MEMORANDUM OF LAW
## IN SUPPORT OF PETITION TO QUASH THIRD PARTY SUMMONS

Plaintiff submits this memorandum of law in support of her petition to Quash Third Party Summons issued by Defendant United States.

### FACTS

Revenue Agent Catherine Parker operating out of the Internal Revenue Service office at 12600 West Cofax, Ave, Suite C300, MS 4358, Lakewood, Colorado 80215 issued an IRS Form 2039 third party summons, please see Plaintiff's Exhibit 1.

Said summons signals a target of Sun West Solar, Inc., as it states "In the Matter of Sun West Solar Inc.".

Plaintiff, has no known taxes assessed or due.

The subject summons demands the production of "all bank records" in their possession or control for the period covering August 1, 2009 through December 1, 2011, relating to all accounts, in the name of and/or under signature authority or other authority or control of or for the benefit of Plaintiff.

The IRS currently has in their possession certain documents reflecting payments to Sun West Solar Inc., as reflected in Plaintiff's Exhibit 1.

The summons fails to state any liability, actual or ostensible for which purpose the summons may have been issued.

The face of the summons if void of any authority to and enforce the summons in question.

**ARGUMENT**

The United States, through the Secretary of Treasury, is authorized to summons, examine and inspect the records of tax payers to aid in the collection of tax. Further the Secretary is authorized to summons such information from third parties. 26 U.S.C. § 7602. The Supreme Court has stated that the IRS summons will be enforced if the IRS demonstrates:

> "that the investigation will be conducted pursuant to a legitimate purpose, that the inquiry may be relevant to that purpose, that the information sought is not already within the Commissioner's possession, and that the administrative steps required by the code have been followed. When the Internal Revenue Service demonstrates that is has complied with these standards, the taxpayer must go forward with the evidence that enforcement of the summons would be an abuse of process." United States v. Powell, 379 U.S. 48, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964).

The Powell Court went on to state that an abuse of process would be evident if the summons were issued for an improper purpose, such as to harass the taxpayer, or for any other purpose reflecting on the good faith of the particular investigation.

Prior to judicial enforcement of the court must find that there is some "realistic expectation" that the information sought will cast light on the Plaintiff's federal tax liability. United States v. Richards, 631 F.2d. 341, 345 (4th Cir., 1980).

The Richards Court also recognized in citing United States v. Theodore, 479 F.2d 749, 754 (4 Cir. 1973), that where a summons is deemed overbroad and disproportionate to the end sought, a fishing expedition exceeds the relevant scope of the summons power.

In this case, Defendant seeks "all bank records" of Plaintiff's bank records, spanning a three year time period, in what they have entitled the matter of Sun West Solar, Inc. Plaintiff has no known taxes due, or taxes assessed against her, her transactions with the subject Sun West Solar Inc., are limited in numbers of transactions, and the nature of the summons as issued is tantamount to the prohibited a fishing expedition. On its face, the summons fails to meet the relevancy and materiality requirements set forth in Powell supra.

The authority granted in Internal Revenue Code § 7602(a)(1) has as a companion an obligation to demonstrate a "realistic expectation" that the information sought will be "relevant and material" to the legitimate purposes of the summons, and is not merely a fishing expedition conducted with the "idle hope" that they will find something. United States v. Bisceglia, 420 U.S. 141 (1975); United States v. Richards, 631 F2d. 341 (4th Cir., 1980); United States v. Harrington, 388 F2.d 20, 524 (2d Cir., 1968).

The burden lies with the United States to establish the information they seek is "relevant to proper purpose". United States v. Euge, 444 U.S. 707, 712 (1980); United States v. Huckaby, 776 F.2d. 564, 567 (5th Cir., 1985). Given the face of the summons is void of any claim by Catherine Parker of a legitimate purpose, she thus has no "legitimate purpose" for the issuance of the subject summons.

IRS has failed and refused to identify any tax law which is the subject of their investigation, or how such may relate to Plaintiff, and is further indicia of the bad faith, which under these facts requires an evidentiary hearing to determine the true purpose of the Summons. Powell supra 379 U.S. at 58; United States v. McCarthy, 514 F.2d. 368 (3rd Cir., 1975).

## CONCLUSION

It is just and proper accordingly, to Quash the subject Summons.

_____
Dimitri Panagopoulos Esq.
8880 Rio San Diego Drive 8th Floor
San Diego, California 92108

5/3/2013

Attorney for the Plaintiff
Tricia Varrasso